United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHID KHAN,<br><br>     Plaintiff,<br><br>  v.<br><br>JONATHAN SCHARFEN, Acting Director, United States Citizenship and Immigration Services,<br><br>     Defendant. | Case No. 08-1398 SC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S CROSS-MOTION FOR LEAVE TO FILE FIRST AMENDED <u>COMPLAINT</u> |

### I. **INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss filed by the defendant Jonathan Scharfen (the "Government"), and the Cross-Motion for Leave to File First Amended Complaint submitted by the plaintiff Shahid Khan ("Plaintiff"). Docket Nos. 12, 16. The Government filed a Reply in support of its Motion. Docket No. 19. For the following reasons, Defendant's Motion to Dismiss is DENIED and Plaintiff's Motion to Amend is GRANTED.

### II. **BACKGROUND**

Plaintiff, a citizen of Pakistan, was initially denied asylum and withholding of removal by the Board of Immigration Appeals ("BIA"). Plaintiff appealed this denial and the Ninth Circuit

1  reversed and remanded, finding Plaintiff eligible for asylum.  See
2  Khan v. Immigration and Naturalization Serv., No. 99-71504, 2001
3  WL 599227, at *2 (9th Cir. 2001) (unpublished).  On September 24,
4  2001, the BIA granted Plaintiff asylum.  Compl., Docket No. 1, Ex.
5  A.  On January 13, 2003, he applied for adjustment of status with
6  the United States Citizenship and Immigration Services ("USCIS").
7  Id. Ex. B.  This adjustment application then remained pending for
8  more than four years.
9       On April 26, 2007, Plaintiff filed a Complaint for
10 Declaratory Judgment in this Court seeking an injunction
11 compelling adjudication of his adjustment application.  See
12 Khan v. Gonzalez, No. 08-1398 SC, Docket No. 1.  On March 3, 2008,
13 USCIS denied Plaintiff's application for adjustment of status and
14 on March 11, this Court signed a stipulated dismissal of
15 Plaintiff's claim.  Id. Docket No. 17.  On March 12, Plaintiff
16 filed the instant action, alleging that the finding by USCIS
17 regarding Plaintiff's eligibility to adjust his status was
18 arbitrary, capricious, and contrary to law.  Compl. ¶ 9.  On April
19 23, the USCIS, sua sponte, reopened the matter of Plaintiff's
20 adjustment of status.  Mot. to Dis. at 3.  The reopening of the
21 adjustment applications of Plaintiff and others occurred in
22 accordance with a USCIS policy memorandum addressing review of
23 prior denials of certain cases after December 26, 2007.  Id.
24 Plaintiff is presently awaiting, still, a decision on his
25 application to adjust his immigration status.

2

### III. DISCUSSION

The Government seeks dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), arguing that because there has been no final agency action on Plaintiff's adjustment application, the Complaint is not ripe for review. This argument, however, ignores the Administrative Procedure Act ("APA"), which states that courts "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). This Court has recently issued several orders addressing the APA in the context of delays in the adjudication of adjustment applications. See Soneji v. Dep't of Homeland Sec., 525 F. Supp. 2d 1151, 1154-56 (N.D. Cal. 2007); Chen v. U.S. Citizenship and Immigration Serv., No. 07-2462, 2007 WL 4531710, at *1 (N.D. Cal. December 18, 2007) (adopting the reasoning of Soneji). The Government's Motion is DENIED.

Plaintiff seeks leave to file a First Amended Complaint. Plaintiff notes that he has already filed two separate Complaints in his efforts to force the Government to adjudicate his adjustment application. Seeing no reason to force Plaintiff to refile yet another Complaint, the Court GRANTS Plaintiff's Motion to File an Amended Complaint.

///
///
///
///
///
///

3

**IV. CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss is DENIED and Plaintiff's Motion to File an Amended Complaint is GRANTED.


IT IS SO ORDERED.


Dated: August 12, 2008

UNITED STATES DISTRICT JUDGE